United States District Court
Southern District of Texas

**ENTERED**

March 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JESUSITA HERRERA, on behalf of Herself and as Representative of the Estate of CARLOS GARZA,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 7:23-CV-00385** |
| **CITY OF MCALLEN, TEXAS,** *et al.*, | § § | |
| **Defendants.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jesusita Herrera brings this Section 1983 action on behalf of herself and the estate of her deceased son, Carlos Garza, against the City of McAllen, Texas, and several McAllen police officers for the death of her son. Herrera alleges that McAllen police officers assaulted Carlos while on duty by beating him with batons, pinning him to the ground face-down, and by holding their bodyweight on his back making it difficult for him to breathe. According to Herrera, the officers' excessive force caused Carlos to suffer a heart attack and pass away. This action has been pending since November 2023, and the Parties have completed discovery and filed summary-judgment briefing.

Pending before the Court is Richard Garza's Motion to Intervene and Assert Beneficiary Interest. (Dkt. No. 69). For the following reasons, the Court **DENIES** the Motion.

## I.    LEGAL STANDARD

There are two types of intervention in federal court: intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24. Rule 24(a) governs interventions as of right.  If the party seeking intervention has not been given an unconditional right to do so by federal statute, it must meet four requirements for intervention as of right set out by Rule 24(a)(2):

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004).

"Failure to satisfy any one requirement precludes intervention of right."  *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm's of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).  However, "[t]he rule 'is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.'"  *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (quoting *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009)).  This decision is a practical undertaking, considering the particular facts and circumstances of the case.  *Adam Joseph Resources v. CNA Metals Ltd.*, 919 F.3d 856, 864 (5th Cir. 2019) (citing *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)).

Rule 24(b) governs permissive interventions.  While the Fifth Circuit generally maintains a "broad policy favoring intervention[,]" *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016), district courts "have complete

discretion to allow permissive intervention." *Quantlab Group, LP v. Dempster*, No. 4:18-CV-02171, 2020 WL 224537, \*3 (S.D. Tex. Jan. 15, 2020) (citing *Graham v. Evangeline Par. Sch. Bd.*, 132 F.App'x 507, 513 (5th Cir. 2005)).   Permissive intervention is appropriate when:

> (1) the motion is timely;
>
> (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and
>
> (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*Id.* at \*3.   Additionally, the Fifth Circuit instructs courts to consider:

> (4) whether the intervenors are adequately represented by other parties; and
>
> (5) whether they are likely to contribute significantly to the development of the underlying factual issues.

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

## II.   DISCUSSION

Garza has failed to demonstrate that he is entitled to either intervention as of right or permissive intervention.   His two-page Motion makes only conclusory assertions that he has "an interest relating to the property or transaction that is the subject of the action," that "[d]isposition of the action without his involvement may as a practical matter impair or impede his ability to protect that interest," and that "[t]he existing parties do not adequately represent his interests." (Dkt. No. 69 at 2).   These assertions are not supported by evidence or caselaw demonstrating that Garza meets the requirements for

intervention.  Garza also fails to explain when he even became aware that his interests were being negatively affected, making it impossible for the Court to determine whether his Motion is timely.  *See Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512–13 (5th Cir. 2016). Such a barebones Motion is insufficient to carry Garza's burden.  As a result, the Court must deny his Motion.

## III.    CONCLUSION

For the foregoing reasons, Richard Garza's Motion to Intervene and Assert Beneficiary Interest, (Dkt. No. 69), is **DENIED without prejudice**.

It is SO ORDERED.

Signed on March 18, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

4